IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TERESA CASTILLEJA,<br>*Plaintiff* | §<br>§<br>§ | |
| | § | SA-23-CV-01308-XR |
| -vs- | §<br>§ | |
| UNITED OF OMAHA LIFE<br>INSURANCE COMPANY, DANA<br>AGUILAR,<br>*Defendants* | §<br>§<br>§<br>§ | |

**ORDER**

On this date, the Court considered Plaintiff's motion to remand (ECF No. 12) and Defendant United of Omaha Life Insurance Company's response (ECF No. 14). After careful consideration, the Court issues the following order.

**BACKGROUND**

On September 18, 2020, Plaintiff Teresa Castilleja, contacted Defendant Dana Aguilar ("Aguilar"), a life insurance agent for Defendant United of Omaha Life Insurance Company ("United of Omaha"), to procure a life insurance policy for Plaintiff's son, Isaac Aguirre ("Mr. Aguirre"). ECF No. 1-1 ¶ 1. At the time, Mr. Aguirre was in the hospital and unable to procure a policy on his own. *Id.* ¶ 2. According to Plaintiff, Aguilar filled out the life insurance application and signed the application on Mr. Aguirre's behalf. *Id.* ¶ 3. Plaintiff contends that neither she nor Mr. Aguirre played any part in filing out the application or procuring the policy. *Id.*

On August 1, 2022, Mr. Aguirre passed away. *Id.* ¶ 4. Plaintiff then attempted to file a claim under Mr. Aguirre's life insurance policy. *Id.* ¶ 5. Thereafter, Defendant United of Omaha

allegedly rejected the claim and rescinded the policy due to misrepresentations made on Mr. Aguirre's policy application. *Id.*

On March 23, 2023, Plaintiff filed suit against Defendants United of Omaha and Aguilar in the 438th District Court of Bexar County, Texas, asserting violations of Texas Insurance Code § 541, subchapter B and seeking declaratory judgment. ECF No. 1-1.[1]

On September 25, 2023, United of Omaha was served. ECF Nos. 1-3, 1-4. Less than a month later, United of Omaha removed this case to this Court on October 16, 2023, based on diversity jurisdiction, despite a lack of complete diversity between the named parties. *See* ECF No. 1. Specifically, both Plaintiff and Aguilar are alleged to be citizens of the state of Texas. *Id.* Nonetheless, in its notice of removal, United of Omaha argued that it is the only properly named defendant in this action as Plaintiff improperly joined Aguilar in an attempt to avoid federal court. *Id.* at 1–5.[2]

On January 30, 2024, filed a motion to remand, arguing that United of Omaha failed to meet the steep burden required to assert the improper joinder of Aguilar. ECF No. 12.

## DISCUSSION

### I. Legal Standard

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and

---

[1] Plaintiff directs her request for declaratory judgment at United of Omaha. ECF No. 1-1 ¶ 8–13. For example, Plaintiff requests the Court declare that "any alleged misrepresentations on Mr. Aguirre's life insurance application were made without his knowledge," that those misrepresentations cannot justify United of Omaha rescinding the policy, and that United of Omaha breached the policy by refusing Plaintiff's claim and must pay the full amount to Plaintiff. *Id.* ¶ 8.

[2] Notably, United of Omaha alleges that Plaintiff previously filed suit against United of Omaha in December 2022 regarding this dispute. ECF No. 1 at 2. According to United of Omaha, it subsequently removed that case to federal court on January 30, 2023. *Id.*; *see also Castilleja v. United of Omaha Life Insurance Company*, 5:23-cv-00113-JKP. However, Plaintiff quickly voluntarily dismissed that case. ECF No. 1 at 2. Plaintiff thereafter filed the instant action against United of Omaha in state court in March 2023, adding Aguilar as an additional defendant. *Id.*

there is diversity of citizenship among the parties." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citing to 28 U.S.C. §§ 1331 and 1332(a)). The former is known as "federal-question jurisdiction" and the latter as "diversity jurisdiction." *Id*. Any civil action of these types that is brought in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal."); *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 761 (W.D. Tex. 2019) ("[B]ecause jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal.").

3

### A. Improper Joinder

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The burden is on the removing party, and the burden of demonstrating improper joinder is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases, a plaintiff may state a claim but misstate or omit discrete facts that would determine the propriety of joinder; in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573.

### B. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery.") (internal quotation marks and citations omitted).

"Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Schnurr v. Preston*, No. 5:17–CV–512–DAE, 2018 WL 8584292, at *3 (W.D. Tex., May 29, 2018). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. VMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the

nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

## II.  Analysis

In her motion to remand, Plaintiff contends that United of Omaha fails to establish the improper joinder of Aguilar. ECF No. 12 at 2–4.[3] According to Plaintiff, she properly states a claim against Aguilar in her original petition under Texas Insurance Code § 541, subchapter B. *Id*. Plaintiff insists that her "petition specifically alleges that Defendant Aguilar not only submitted an

---

[3] Though Plaintiff also dedicates a portion of her motion to the argument that there is a lack of complete diversity here, Defendant does not dispute that this Court would lack jurisdiction if Aguilar was properly joined. *Compare* ECF No. 12 *with* ECF No. 14.

application for Mr. Aguirre's policy without his knowledge, she proceeded to forge his signature on the application," and "[t]his fraudulent misrepresentation, Plaintiff later states, constitutes a violation of [Texas Insurance Code § 541, subchapter B]." ECF No. 12 at 4.

In response, United of Omaha makes two arguments in support of improper joinder. First, considering those facts included in Plaintiff's original petition, United of Omaha argues, Plaintiff fails to allege any actionable misrepresentation on behalf of Aguilar; rather, Plaintiff's petition simply states that Mr. Aguirre did not "play[ ] a role in the application process" and that Aguilar "signed the application on Mr. Aguirre's behalf." *Id.* (citing ECF No. 1-1 ¶ 3). Second, United of Omaha argues that Plaintiff's allegations "lack . . . specificity regarding how Aguilar violated the Texas Insurance Code." *Id.* at 5. United of Omaha asserts that Plaintiff's allegations fall short of the standard under Rule 12(b)(6) and Rule 9(b) as is required here. *Id.* at 5–6.

Upon review, the Court agrees with United of Omaha. Plaintiff's petition both (1) fails to properly state any claims under the Texas Insurance Code § 541, subchapter B, against Aguilar, and (2) lacks the requisite specificity to properly state any claim against Aguilar.

First, Texas Insurance Code § 541, subchapter B, prohibits unfair competition, false advertising, misrepresentations about insurance policies, and unfair settlement practices." *Patton v. Meridian Sec. Ins. Co.*, 617 F. Supp. 3d 516, 527 (N.D. Tex. 2022). "To state a valid claim under the Texas Insurance Code [§ 541.051], a plaintiff must show that (1) a misrepresentation was made, issued or circulated (2) with regard to either (i) the Policy's terms, or (ii) its benefits or advantages. *Miller v. Allstate Texas Lloyd's,* No. CV H-17-1684, 2017 WL 3335997, at *4 (S.D. Tex. Aug. 4, 2017) (citing TEX. INS. CODE § 541.051(1)(a)–(b)). In addition, under § 541.061:

> It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance *to misrepresent an insurance policy* by: (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the

7

> circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

(emphasis added). That is, to allege an actionable misrepresentation claim under Texas Insurance Code § 541, subchapter B, Plaintiff must plausibly allege a misrepresentation *to her or Mr. Aguirre* regarding the terms of the policy at issue or the benefits or advantages of the policy. Put simply, even considering new facts raised in Plaintiff's motion to remand—that Aguilar "forged" Mr. Aguirre's signature and submitted the life insurance application without his knowledge—Aguilar's alleged conduct is a misrepresentation directed towards United of Omaha, not towards Plaintiff or Mr. Aguirre. ECF No. 12 at 4.

Moreover, Plaintiff's petition fails to even specify which section (or sections) of Texas Insurance Code § 541, subchapter B on which she bases her claims. *See* ECF No. 1-1 ¶¶ 9–13. Instead, Plaintiff includes a broad statement that "Defendants both knowingly engaged in an act or practice that violated Texas Insurance Code § 541, subchapter B." *Id.* ¶ 13. Indeed, "[m]erely referring to § 541 is insufficient to state an actual claim." *Jones v. Higginbotham Ins. Agency, Inc.*, No. 1:22-CV-890-JRN, 2023 WL 5211041, at *5 (W.D. Tex. July 27, 2023), *report and recommendation adopted*, No. A-22-CV-00890-JRN, 2023 WL 5216810 (W.D. Tex. Aug. 14, 2023).

## CONCLUSION

For the foregoing reasons, Plaintiff's petition offers no reasonable basis for this Court to predict that Plaintiff might recover against Aguilar, the non-diverse defendant in this case. As such, Plaintiff's claims against Aguilar are **DISMISSED WITHOUT PREJUDICE** and diversity

jurisdiction exists.[4] Accordingly, Plaintiff's motion to remand (ECF No. 12) is **DENIED**. The case remains open pending the resolution of Plaintiff's claims against United of Omaha.

It is so **ORDERED**.

**SIGNED** this 7th day of March, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[4] Because a court lacks subject matter jurisdiction over an improperly joined party, it must dismiss that party without prejudice. *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *5 (W.D. Tex. Nov. 18, 2019) (citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016)).